# Exhibit A

# Exhibit A

1. COMP
Bruce D. Tingey, Esq.
Nevada Bar No. 5151
Tingey & Tingey
2001 W. Charleston Blvd.
Las Vegas, Nevada 89102
(702) 333·0000
bruce@tingeylawfirm.com
Attorney for Plaintiffs

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| FRANCES R. EGAN and JOSEPH P. EGAN,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>WALGREEN CO. dba WALGREENS and DOES I through X, inclusive,<br><br>　　　　　Defendants. | Case No: A-14-707190-C<br>Dept No: X |

COMPLAINT
(Arbitration Exemption Claimed: Value in Excess of $50,000.00)

COMES NOW plaintiffs Francs R. Egan and Joseph P. Egan, by and through their attorney, Bruce D. Tingey, Esq. of the law firm Tingey & Tingey, and for their causes of action against the defendants, and each of them, for damages and injuries sustained on or about October 15, 2012, allege, on information and belief, as follows:

THE PARTIES

1.　At all times relevant, plaintiff Frances R. Egan is a resident of Clark County, Nevada.

2.　At all times relevant, plaintiff Joseph P. Egan is a resident of Clark County, Nevada.

3.　At all times relevant, defendant Walgreen Co. dba Walgreens (hereinafter "Walgreens") is a business entity or corporation doing business in Clark County, Nevada.

4.　The true names and capacities of defendants Doe I through X, inclusive, are unknown at this time and may be individuals, partnerships or corporations. The plaintiffs allege that each of the defendants designated herein as Doe defendant is responsible in some manner for the damages as herein alleged and is further the agent, servant, master, employee or employer of one another, and is operating within the course and scope of their duties or is otherwise established in another type of relationship that will support a finding of joint and several liability. The plaintiffs

1

request leave of the court, if necessary, to amend the complaint to name the factiously identified defendants specifically when their identities become known.

5. More specifically, defendant Doe I is fictitiously identified as the unidentified female employee of Walgreens discussed herein and who was acting within the course and scope of her employment with Walgreens.

## THE FACTS

6. On or about October 15, 2012, in Clark County, Nevada, plaintiff Frances R. Egan was a patron and on the premises and property of a Walgreens store, located at 4771 W. Craig Road in North Las Vegas, Nevada (hereinafter "the Walgreens store.")

7. At all times relevant, defendant Walgreens was responsible for the maintenance and safety of the Walgreens store as well as the patrons who patronize this store, including plaintiff Frances R. Egan. Further, defendant Walgreens was responsible for the hiring, training and supervision of the employees at the Walgreens store, including defendant Doe I.

8. At all times relevant, defendant Doe I, an unknown female person, was an employee of Walgreens on October 15, 2012 at the Walgreens store; she was acting within the course and scope of her employment with Walgreens.

9. On this date and at this location, defendant Doe I was in the process of moving a very tall stack of packaged bottled water with the use of a wheeled cart; she was performing this act in the same isle of the Walgreens store as where the coffee and tea are displayed for sale.

10. At the same date and location, plaintiff Frances R. Egan (at age 75-years old) was shopping for coffee and tea products, standing in the same isle with defendant Doe I, the stack of packaged bottled water and the wheeled cart. Unbeknownst to plaintiff Frances R. Egan, at the time, Doe I continued to make the stack of packaged bottled water even taller with additional packages of bottled water.

11. Very suddenly and unexpectedly for plaintiff Frances R. Egan,, and without any reasonable warning to plaintiff Frances R. Egan, the now very tall stack of packaged bottled water and/or the wheeled cart struck the person of plaintiff Frances R. Egan and caused her to fall to the ground to sustain injury as a result of being struck and then falling to the ground.

12.   Plaintiff Frances R. Egan was injured and damaged as the result of an unsafe condition that existed at the Walgreens store, on the date and location referenced above; the unsafe condition was the creation of a very tall stack of packaged bottled waters on the wheeled cart, which was created by defendant Doe I, while she was acting within the course and scope of her employment with defendant Walgreens.

13.   At all times relevant, the defendants and each of them knew or should have known of the unsafe condition.

14.   At all times relevant, the defendants and each of them had actual knowledge of the unsafe condition identified herein because, through its employee or employees, the defendants and each of them created the unsafe condition that caused injury and damages to plaintiff Frances R. Egan.

15.   The defendants and each of them failed to provide to plaintiff Frances R. Egan any reasonable warning of the unsafe condition and plaintiff Frances R. Egan did not know the unsafe condition existed prior to the moment that she was injured and damaged.

### CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### NEGLIGENCE (FAILURE TO HAVE SAFE CONDITION)

16.   The plaintiffs incorporate herein by reference all allegations within this complaint and further allege as follows:

17.   The defendants and each of them owed a duty to the plaintiff, including a duty of due care and to act reasonably under the circumstances, even taking greater precautions to protect the plaintiff as an elderly person and as one invited onto its premises, but breached that duty when the defendants failed to provide a safe condition for the plaintiff's reasonable use of the property by creating and/or allowing to exist the unsafe condition that existed.

18.   As a proximate cause of the negligence of the defendants, the plaintiff was injured and damaged in a manner as alleged herein.

### SECOND CAUSE OF ACTION
### NEGLIGENCE (FAILURE TO WARN)

19.   The plaintiffs incorporate herein by reference all allegations within this complaint and further allege as follows:

TINGEY & TINGEY
LAW FIRM
2001 W. CHARLESTON BLVD.
LAS VEGAS, NEVADA 89102
(702) 333-0000 / FAX: (702) 333-0001

3

20. The defendants and each of them owed a duty to the plaintiff, including a duty of due care, but breached that duty when the defendants failed to reasonably warn the plaintiff of the unsafe condition described herein.

21. As a proximate cause of the negligence of the defendants, the plaintiff was injured and damaged in a manner as alleged herein.

### THIRD CAUSE OF ACTION
### NEGLIGENCE (RESPONDEAT SUPERIOR)

22. The plaintiffs incorporate herein by reference all allegations within this complaint and further allege as follows:

23. At all times relevant herein, one or more unknown individuals who were involved to create the unsafe condition that existed, including defendant Doe I, were acting within the course and scope of employment with the defendant, and each of them. As such, the defendants, and each of them, are vicariously liable and therefore legally responsible for the negligent conduct of its owners and employees.

24. As a proximate cause of the vicarious liability and negligence imputed to the defendants, the plaintiff was injured and damaged in a manner as alleged herein.

### FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING/TRAINING/SUPERVISION

25. The plaintiffs incorporate herein by reference all allegations within this complaint and further allege as follows:

26. The defendants, and each of them, were negligent in the manner in which it hired, trained and supervised its employees, including defendant Doe I, who were involved to create the unsafe condition that existed.

27. As a result of the negligent conduct of its owners and employees, the defendants, and each of them, are liable for the negligence.

28. As a proximate cause of the negligence of the defendants, and each of them, the plaintiff was injured and damaged in a manner as alleged herein.

### FIFTH CAUSE OF ACTION
### LOSS OF CONSORTIUM

29. The plaintiffs incorporate herein by reference all allegations within this complaint and further allege as follows:

4

30. At all times relevant, plaintiff Joseph P. Egan and plaintiff Frances R. Egan are legally married as husband and wife.

31. As a further direct and proximate result of all the foregoing, plaintiff Joseph P. Egan has lost the care, comfort, companionship, support and consortium of his wife, plaintiff Frances R. Egan, and as a result thereof is damaged in a sum in excess of $10,000.

## CAUSATION AND DAMAGES

32. The plaintiffs incorporate herein by reference all allegations within this complaint and further allege as follows:

33. As a direct and proximate result of all the foregoing, the plaintiff was injured in and about the spine, body, limbs, organs and systems, and was otherwise injured and caused to suffer great pain of body and mind, and some or all of the same are permanent and disabling conditions, all for the plaintiff's past and future general damages in excess of $10,000.00.

34. As a further direct and proximate result of all the foregoing, plaintiff Joseph P. Egan has lost the care, comfort, companionship, support and consortium of his wife, plaintiff Frances R. Egan, and as a result thereof is damaged in a sum in excess of $10,000.

35. As a further direct and proximate result of all the foregoing, the plaintiffs were caused and will be caused to expend monies for medical care and expenses incidental thereto, in an amount according to proof.

36. As a further direct and proximate result of all the foregoing, the plaintiff was caused and will be caused to suffer a loss of income and an impairment of earning capacity, in an amount according to proof.

37. The plaintiffs have been required to hire an attorney to prosecute this action and are entitled to reasonable attorney fees and cost of suit.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## PRAYER FOR RELIEF

Wherefore, the plaintiffs pray judgment against the defendants, and each of them, jointly and severally, as follows:

1. General damages to each plaintiff in excess of $10,000.00;
2. Damages for medical expenses in an amount according to proof;
3. Damages for loss of income in an amount according to proof;
4. Reasonable attorney's fees and cost of suit; and
5. Any further relief which the court may deem just and proper in the premises.

Dated this 4th day of September 2014.

Tingey & Tingey

_____
Bruce D. Tingey, Esq.
723 South Third Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs

Tingey & Tingey
Law Firm
2001 W. Charleston Blvd.
Las Vegas, Nevada 89102
(702) 333-0000 / Fax: (702) 333-0001

# Exhibit B

# Exhibit B

```
1  SUMM
   Bruce D. Tingey, Esq.
2  Nevada Bar No. 5151
   Tingey & Tingey
3  2001 W. Charleston Blvd.
   Las Vegas, Nevada 89102
4  (702) 333-0000
   bruce@tingeylawfirm.com
5  Attorney for Plaintiffs
```

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| FRANCES R. EGAN and JOSEPH P. EGAN, | Case No: A-14-707190-C |
| Plaintiffs, | Dept. No: X |
| vs. | **SUMMONS** |
| WALGREEN CO. dba WALGREENS, | |
| Defendant. | |

NOTICE: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT: WALGREEN CO. dba WALGREENS

A civil complaint has been filed by the plaintiff(s) against you for the relief set forth in the complaint. If you intend to defend this lawsuit, within 20 days after this summons is served on you exclusive of the day of service, you must do the following:

a. File with the clerk of this court, whose address is shown below, a formal written response to the complaint in accordance with the rules of the court.
b. Serve a copy of your response upon the attorney at the address as shown above.

Unless you respond, a default against you will be entered upon application of the plaintiff(s) and this court may enter a judgment against you for the relief demanded in the complaint, which could result in the taking of money or property or other relief requested. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

STEVEN D. GRIERSON, CLERK OF THE COURT

Issued at direction of:

Tingey & Tingey

By: _____
DEPUTY CLERK                   Date
Clark County Courthouse
200 East Lewis Avenue          TERRI STRINGER
Las Vegas, Nevada 89155

_____
Bruce D. Tingey, Esq.
Attorney for Plaintiffs

# Exhibit C

# Exhibit C

ANS
**STUTZ ARTIANO SHINOFF & HOLTZ**
*A Professional Corporation*
James F. Holtz, Esq.
Nevada Bar No. 8119
Scott J. Ingold, Esq.
Nevada Bar No. 11818
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
Telephone: (702) 304-1803
Facsimile: (702) 304-1822
jholtz@sashlaw.com
singold@sashlaw.com

Attorneys for Defendant, WALGREEN CO.

Electronically Filed
12/16/2014 11:59:13 AM

**CLERK OF THE COURT**

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| FRANCES R. EGAN and JOSEPH P. EGAN,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO. dba WALGREENS and DOES I through X, inclusive,<br><br>Defendant. | Case No..: A-14-707190-C<br><br>DEPT.: X |

### ANSWER BY DEFENDANT WALGREEN CO. TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant WALGREEN CO. and severing itself from all other parties, answers the plaintiffs' Complaint as follows:

1. As to the allegations of Paragraphs 1 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground deny each and every allegation in said Paragraph.

2. As to the allegations of Paragraph 2 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground deny each and every allegation in said Paragraph.

3. As to the allegations of Paragraph 3, Defendant WALGREEN CO. admits that it is an Illinois Corporation qualified to do business and doing business in the State of Nevada.

1

Stutz Law San Diego/1329/129/PL/S0212834.DOCX

1    4.    As to the allegations of Paragraph 4 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground deny each and every allegation in said Paragraph.

5.    In response to Paragraph 5, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground deny each and every allegation in said Paragraph.

6.    In response to Paragraph 6, Defendant WALGREEN CO. admits that it operates a store at 4771 West Craig Road, North Las Vegas, Nevada. As to all other allegations of said paragraph, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground deny same.

7.    In response to Paragraph 7, Defendant denies each and every allegation therein.

8.    In response to Paragraph 8, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground deny each and every allegation in said Paragraph.

9.    In response to Paragraph 9, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground deny each and every allegation in said Paragraph.

10.   In response to Paragraph 10, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground deny each and every allegation in said Paragraph.

11.   In response to Paragraph 11, Defendant denies each and every allegation therein.

12.   In response to Paragraph 12, Defendant denies each and every allegation therein.

13.   In response to Paragraph 13, Defendant denies each and every allegation therein.

14.   In response to Paragraph 14, Defendant denies each and every allegation therein.

15.   In response to Paragraph 15, Defendant denies each and every allegation therein.

16.   In response to Paragraph 16, Defendant realleges and incorporates herein each and every response to Paragraphs 1 through 15 set forth above.

17.   In response to Paragraph 17, Defendant denies each and every allegation therein.

18.   In response to Paragraph 18, Defendant denies each and every allegation therein.

19.   In response to Paragraph 19, Defendant realleges and incorporates herein each and every response to Paragraphs 1 through 18 set forth above.

///

20. In response to Paragraph 20, Defendant denies each and every allegation therein.

21. In response to Paragraph 21, Defendant denies each and every allegation therein.

22. In response to Paragraph 22, Defendant realleges and incorporates herein each and every response to Paragraphs 1 through 21 set forth above.

23. In response to Paragraph 23, Defendant denies each and every allegation therein.

24. In response to Paragraph 24, Defendant denies each and every allegation therein.

25. In response to Paragraph 25, Defendant realleges and incorporates herein each and every response to Paragraphs 1 through 24 set forth above.

26. In response to Paragraph 26, Defendant denies each and every allegation therein.

27. In response to Paragraph 27, Defendant denies each and every allegation therein.

28. In response to Paragraph 28, Defendant denies each and every allegation therein.

29. In response to Paragraph 29, Defendant realleges and incorporates herein each and every response to Paragraphs 1 through 28 set forth above.

30. In response to Paragraph 30, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground deny each and every allegation in said Paragraph.

31. In response to Paragraph 31, Defendant denies each and every allegation therein.

32. In response to Paragraph 32, Defendant realleges and incorporates herein each and every response to Paragraphs 1 through 31 set forth above.

33. In response to Paragraph 33, Defendant denies each and every allegation therein.

34. In response to Paragraph 34, Defendant denies each and every allegation therein.

35. In response to Paragraph 35, Defendant denies each and every allegation therein.

36. In response to Paragraph 36, Defendant denies each and every allegation therein.

37. In response to Paragraph 37, Defendant denies each and every allegation therein.

/ / /

/ / /

/ / /

/ / /

/ / /

3

Case No. A-14-707190-C

Stutz Law San Diego/1329/129/PL/S0212834.DOCX

# AFFIRMATIVE DEFENSES

## I.

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the allegations contained in Plaintiffs' Complaint fail to state a cause of action against Defendant upon which relief can be granted.

## II.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs failed to mitigate their damages.

## III.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs' claims and causes of action against Defendant are barred by the doctrines of laches, waiver, estoppel, and/or unclean hands.

## IV.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that the conduct of Plaintiff was responsible for the injuries, if any, of Plaintiff and the culpability of Plaintiff exceeds that of the Defendant, if any, and that Plaintiff is thereby barred from any recovery.

## V.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the incident alleged in the Complaint and the alleged damages and injuries, if any, were caused or contributed to by Plaintiff's own negligence and negligence of others, and such negligence was greater than any of the Defendant's negligence.

## VI.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that the injuries, if any, suffered by Plaintiff as set forth in Plaintiffs' Complaint were caused in whole or in part by the negligence or intentional actions of a third party over which Defendant had no control.

///

## VII.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the injuries claimed to have been suffered by Plaintiff were caused by a pre-existing or unrelated medical condition, disease, illness or infection of the Plaintiff.

## VIII.

### EIGHTH AFFIRMATIVE DEFENSE

No act or omission of Defendant was a cause or proximate cause of injuries and damages, if any, sustained by Plaintiffs.

## IX.

### NINTH AFFIRMATIVE DEFENSE

That it has been necessary for Defendant to employ the services of an attorney to defend this action and a reasonable sum should be allowed Defendant and as for attorney's fees, together with its costs expended in this action.

## X.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff voluntarily and knowingly assumed the risks at issue inherent to the dangerous activity in which he was participating at the time of his injury.

## XI.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiffs' claims are barred by the applicable statutes of limitations, including, but not limited to, NRS 11.190.

## XII.

### TWELFTH AFFIRMATIVE DEFENSE

Pursuant to Nev. R. Civ. P. 8 and Nev. R. Civ. P. 12, as amended, all possible affirmative defenses may not have been alleged insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's answer, and therefore, Defendant reserves the right to amend the Answer to allege additional affirmative defenses if subsequent investigation warrants.

///

Stutz Artiano Shinoff & Holtz
A Professional Corporation

Case No. A-14-707190-C

Stutz Law San Diego/1329/129/PL/S0212834.DOCX

WHEREFORE, Defendant prays for the following:

1. That plaintiffs take nothing by way of the Complaint on file herein;

2. For attorney's fees and costs of suit herein incurred; and

3. For such other and further relief as the court may deem just and proper.

Dated: December 12, 2014

STUTZ ARTIANO SHINOFF & HOLTZ
A Professional Corporation

By: _____
James F. Holtz
Nevada Bar No. 8119
Scott J. Ingold
Nevada Bar No. 11818
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
Telephone: (702) 304-1803
Attorneys for Defendant WALGREEN CO.

PSER
STUTZ, ARTIANO, SHINOFF & HOLTZ, A.P.C.
James F. Holtz, Esq., Nevada Bar No. 8119
Scott J. Ingold, Esq., Nevada Bar No. 11818
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
Telephone:  (702) 304-1803
Facsimile:  (702) 304-1822

Attorneys for Defendant
WALGREEN CO.

## DISTRICT COURT
## EIGHTH JUDICIAL DISTRICT COURT FOR CLARK COUNTY, NEVADA
### CASE NO.: A-14-707190-C (Egan, Frances, et al. v. Walgreen Co.)

### CERTIFICATE OF SERVICE

Pursuant to NEFCR 9, N.R.C.P. 5(b) and EDCR 7.26(a), I hereby certify that on this date, I served the foregoing document described as ANSWER BY DEFENDANT WALGREEN CO. TO PLAINTIFFS' COMPLAINT as follows:

[X] BY MAIL: by depositing in the United States Postal Service mail box at 2488 Historic Decatur Road, Suite 200, San Diego, California 92106, a true copy thereof in a sealed envelope with postage thereon fully prepaid and addressed as follows:

[X] BY ELECTRONIC SERVICE via Wiznet on designated recipients through electronic transmission of said documents.

| | |
|---|---|
| Bruce D. Tingey, Esq.<br>Tingey & Tingey<br>2001 W. Charleston Blvd.<br>Las Vegas, Nevada 89102 | **Attorneys for Plaintiff**<br>(702) 333•0000<br>bruce@tingeylawfirm.com |

Dated: December 16, 2014

_____
An Employee of STUTZ ARTIANO SHINOFF & HOLTZ

7

Case No. A-14-707190-C

# Exhibit D

# Exhibit D

Electronically Filed
12/16/2014 12:00:09 PM

*[signature]*

**CLERK OF THE COURT**

1  DMJT
**STUTZ ARTIANO SHINOFF & HOLTZ**
2  *A Professional Corporation*
James F. Holtz, Esq.
3  Nevada Bar No. 8119
Scott J. Ingold, Esq.
4  Nevada Bar No. 11818
1120 Town Center Drive, Suite 200
5  Las Vegas, Nevada 89144
Telephone: (702) 304-1803
6  Facsimile: (702) 304-1822
jholtz@sashlaw.com
7  singold@sashlaw.com

8  Attorneys for Defendant, WALGREEN CO.

9  **DISTRICT COURT**

10  **CLARK COUNTY, NEVADA**

| | |
|---|---|
| FRANCES R. EGAN and JOSEPH P. EGAN, | Case No..: A-14-707190-C |
| Plaintiff, | DEPT.: X |
| v. | |
| WALGREEN CO. dba WALGREENS and DOES I through X, inclusive, | |
| Defendant. | |

**WALGREEN CO.'S DEMAND FOR JURY TRIAL**

Defendant WALGREEN CO. hereby demands trial by jury in the above-entitled cause.

Dated: December ____, 2014

STUTZ ARTIANO SHINOFF & HOLTZ
A Professional Corporation

By: *[signature]*
James F. Holtz
Nevada Bar No. 8119
Scott J. Ingold
Nevada Bar No. 11818
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
Telephone: (702) 304-1803
Attorneys for Defendant WALGREEN CO.

1

Case No. A-14-707190-C

1  PSER
   STUTZ, ARTIANO, SHINOFF & HOLTZ, A.P.C.
2  James F. Holtz, Esq., Nevada Bar No. 8119
   Scott J. Ingold, Esq., Nevada Bar No. 11818
3  1120 Town Center Drive, Suite 200
   Las Vegas, Nevada  89144
4  Telephone:   (702) 304-1803
5  Facsimile:   (702) 304-1822

6  Attorneys for Defendant
   WALGREEN CO.

## DISTRICT COURT
## EIGHTH JUDICIAL DISTRICT COURT FOR CLARK COUNTY, NEVADA
### CASE NO.: A-14-707190-C (Egan, Frances, et al. v. Walgreen Co.)

### CERTIFICATE OF SERVICE

Pursuant to NEFCR 9, N.R.C.P. 5(b) and EDCR 7.26(a), I hereby certify that on this date, I served the foregoing document described as WALGREEN CO.'S DEMAND FOR JURY TRIAL as follows:

[X] BY MAIL: by depositing in the United States Postal Service mail box at 2488 Historic Decatur Road, Suite 200, San Diego, California 92106, a true copy thereof in a sealed envelope with postage thereon fully prepaid and addressed as follows:

[X] BY ELECTRONIC SERVICE via Wiznet on designated recipients through electronic transmission of said documents.

Bruce D. Tingey, Esq.                **Attorneys for Plaintiff**
Tingey & Tingey                      (702) 333•0000
2001 W. Charleston Blvd.             bruce@tingeylawfirm.com
Las Vegas, Nevada 89102

Dated: December 16, 2014

_____
An Employee of STUTZ ARTIANO SHINOFF & HOLTZ

2

Case No. A-14-707190-C